## Moyer v. Dallago

*H. G. Stutzman*, for plaintiff.

*E. Mac Troutman* and *Robert M. Zimmerman*, for defendant.

DALTON, J., March 12, 1956.—The preliminary objections consist of a motion to strike off and a motion for a more specific pleading.

The motion to strike off need not be considered. The objection raised has become moot by reason of a stipulation filed of record whereby the caption of the case has been amended to read as set forth above.

The first objection in support of the motion for a more specific complaint is too general to warrant consideration. It violates Pa. R. C. P. 1028(*a*) which requires preliminary objections to "state specifically the ground relied upon".

The second objection is based upon Pa. R. C. P. 2028(*b*), which provides as follows:

"The initial pleading filed in behalf of a minor plaintiff shall state the name and address of his

guardian and his relationship, if any, to the subject matter of the action or to any of the parties thereto. In case the person selected as guardian is a guardian appointed by any court of competent jurisdiction or by a will duly probated, the initial pleading shall contain a reference to the record of the appointment."

Defendant objects that the complaint "fails to aver the manner in which the said parent and natural guardian, Robert Moyer, was appointed as natural guardian." The simple answer to that objection is that a "natural guardian" is not appointed. The expression is synonymous with "guardian by nature", which means the father, and on his death, the mother: Daniels v. Metropolitan Life Ins. Co. 135 Pa. Superior Ct. 450, 455; Sharswood's Blackstone's Commentaries, vol. 1, p. 461.

The second branch of the objection is that the complaint fails to aver the guardian's "relationship and interest, if any, in the subject matter" of the action. That objection must be sustained. Such averment is mandatorily required by the first sentence of Pa. R. C. P. 2028(b) above quoted. As stated in Goodrich-Amram section 2028(b)-1: "The 'relationship' of the guardian which must be set forth in the minor's pleading includes both family relationship and any business or other relationship of such a nature as would tend to create a possibility of prejudice against the interests of the minor". The purpose of the rule is to require a disclosure of any possible adverse or prejudicial interest which might constitute cause for the removal of the guardian. See the note of the Procedural Rules Committee following the rule.

The third and fourth objections relate to paragraph 11 of the complaint, wherein it is alleged that minor plaintiff "sustained severe and permanent injuries as follows:

"(a) Abrasions and contusions of the face, head and right arm.

"(b) Fracture of the right wrist."

Objection is made that the complaint fails to set forth "the location, extent and permanency of the abrasions and contusions". We think the averment would be unexceptionable if plaintiff had not characterized the abrasions and contusions as "permanent injuries". Whether or not this was inadvertent, we cannot say. But, as the pleadings presently stand, defendant is entitled to know, with reasonable particularity what permanent consequences, if any, have resulted from the alleged abrasions and contusions.

Objection is further made that paragraph 11(b) fails to set forth "the extent of the permanency" of the fracture of the right wrist. Reading the complaint as a whole, we find that paragraph 15 alleges that minor plaintiff "has suffered and continues to suffer a disability partial in character, of the right wrist which will remain permanent". Defendant has not questioned the sufficiency of paragraph 15. The objection is therefore overruled.

The fifth and final objection is directed to paragraph 14, which avers that minor plaintiff was required to have extensive hospital, surgical and medical treatment. Objection is made that the said paragraph fails to set forth "the extent of time during which the plaintiff was hospitalized". We think the objection goes to a purely evidentiary matter. The length of time a person has been hospitalized is not in itself an item of damages, although it may have evidentiary pertinence in connection with some item of damage claimed, such as a claim for hospital expenses. A plaintiff is required to plead only the primary and ultimate facts on which the cause of action is based, not every underlying subordinate fact which may have evidential value. The objection is overruled.

And now, March 12, 1956, the preliminary objections are sustained to the extent indicated in the foregoing opinion. Plaintiff is allowed 20 days from this date to file an amended complaint.

And now, March 12, 1956, an exception is allowed plaintiff and bill sealed.

And now, March 12, 1956, an exception is allowed defendant and bill sealed.